IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWARD DWAYNE PARKER,

   Plaintiff,

vs.             Civil Action No. ADC-18-0554

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,[1]

   Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

On February 23, 2018, Edward Dwayne Parker ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint, the parties' cross-motions for summary judgment (ECF Nos. 15, 16), and the response thereto (ECF No. 17), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 15) and Defendant's Motion for Summary Judgment (ECF No. 16) are DENIED, the decision of the SSA is REVERSED, and the case is REMANDED to the SSA for further analysis in accordance with this opinion.

### PROCEDURAL HISTORY

On September 16, 2011, Plaintiff filed a Title XVI application for SSI, alleging disability

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

1

beginning on November 30, 2008.[2] His claims were denied initially and upon reconsideration on February 28, 2012 and April 19, 2012, respectively. Subsequently, on May 25, 2012, Plaintiff filed a written request for a hearing and, on September 16, 2014, an Administrative Law Judge ("ALJ") presided over a hearing. On October 29, 2014, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act [(the "Act")], since December 6, 2012, the amended onset date of disability." ECF No. 11-4 at 37. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination. On January 21, 2016, the Appeals Council granted Plaintiff's request for review and issued an order vacating the ALJ's decision and remanding for the ALJ to further evaluate Plaintiff's mental impairment pursuant to the special technique described in 20 C.F.R. § 416.920a. ECF No. 11-3 at 58–59.

On remand, the ALJ presided over two additional hearings on October 18, 2016 and May 24, 2017. On October 18, 2017, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability, as defined in the [Act], since September 16, 2011, the date the application was filed." ECF No. 11-4 at 88. Plaintiff filed an appeal of the ALJ's disability determination and, on December 28, 2017, the Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On February 23, 2018, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. On September 7, 2018, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on November 13,

---

[2] Plaintiff subsequently amended his alleged onset date to December 6, 2012.

2018. On November 27, 2018, Plaintiff responded to Defendant's motion.[3] This matter is now fully briefed and the Court has reviewed both parties' motions and the response thereto.

### STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and

---

[3] On December 7, 2018, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

3

quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for SSI, a claimant must establish that he is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding

4

of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular

and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482

U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since September 16, 2011, the application date. ECF No. 11-4 at 81. At step two, the ALJ found that Plaintiff had the severe impairments of "osteoarthrosis, recurring left shoulder dislocation, major depressive disorder, personality disorders, low intellectual functioning, and Posttraumatic Stress Disorders (PTSD)." *Id.* at 82. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* At step four, the ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 CFR 416.967(b), which requires him to stand, walk or sit 6 hours in an 8-hour workday. He cannot climb ladders, ropes or scaffolds. He can perform the following occasionally: climbing ramps or stairs, balancing, stooping, kneeling, crouching and crawling. He can reach in any direction including overhead frequently. He can understand, remember, and carry out very short simple instructions. He can

>           interact appropriately with the public, supervisors, and coworkers
>           frequently.

*Id.* at 84. The ALJ then determined that Plaintiff had past relevant work as a material handler and a machine presser, but that he is unable to perform such work. *Id.* at 87. Finally, at step five, the ALJ found that, "[c]onsidering [Plaintiff]'s age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.* at 88. Thus, the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in the [Act], since September 16, 2011, the date the application was filed." *Id.*

### DISCUSSION

On appeal, Plaintiff solely alleges that the ALJ's RFC assessment failed to adequately account for his moderate difficulties in concentration, persistence, or pace in violation of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Specifically, Plaintiff argues that the ALJ did not include a limitation to account for Plaintiff's moderate difficulties by merely stating that Plaintiff "can understand, remember, and carry out very short simple instructions" and that the ALJ failed to explain why including a limitation was unnecessary. ECF No. 15-1 at 12–13 (record citation and internal quotation marks omitted). In response, Defendant contends that the ALJ properly accounted for Plaintiff's moderate difficulties in concentration, persistence, or pace pursuant to the revised rules that became effective for agency decisions issued after January 17, 2017 and that *Mascio* is inapplicable as it is now inconsistent with the revised rules. ECF No. 16-1 at 5–7. The Court agrees with Plaintiff.

Preliminarily, before reaching the concentration, persistence, or pace issue, the Court will first address the parties' contentions regarding the applicability of revised rules that became effective January 17, 2017 while Plaintiff's claim was pending. In September 2016, the SSA issued revised rules regarding medical criteria used to evaluate mental disorders. 81 Fed. Reg.

8

66,138-01 (Sept. 26, 2016), 2016 5341732, at *66,138. These rules included changes to the "paragraph B" criteria used by an ALJ to assess mental impairments. *See id.* at *66,164. Previously, the four broad functional areas included: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(C)(1)–(4) (Sept. 29, 2016–Jan. 16, 2017). After revision, the four broad functional areas consist of: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 81 Fed. Reg. 66,138-01 (Sept. 26, 2016), 2016 WL 5341732, at *66,161. The criteria for each area was also revised. *Id.* at *66,164. As to applicability, the revised rules provide in relevant part:

> [T]hese final rules will be effective on January 17, 2017. . . . The prior rules will continue to apply until the effective date of these final rules. When the final rules become effective, [the SSA] will apply them to new applications filed on or after the effective date of the rules, and to claims that are pending on or after the effective date.

*Id.* at *66,138.

Defendant contends that the revised rules apply to Plaintiff's claim as the ALJ's decision was issued on October 18, 2017, well after the effective date of January 17, 2017. ECF No. 16-1 at 5–7. Plaintiff counters that the new rules do not apply because Plaintiff initiated action with the SSA on September 16, 2011, when the old rules were still in effect, and all evidence and prior proceedings have been developed or conducted in accordance with the old rules. ECF No. 17 at 3–5. According to Plaintiff, applying the revised rules "would have an impermissibly retroactive effect to the facts of this case." *Id.* at 3.

This Court is unaware of any case in the Fourth Circuit that has specifically addressed this issue. Few district courts within the Fourth Circuit have issued opinions addressing retroactivity

9

of SSA rules and regulations, but those that have upheld the application of new rules and regulations to cases pending initial determination or appeal. *See, e.g., Lester v. Barnhart*, No. 7:05CV00303, 2006 WL 1933306, at *5–6 (W.D.Va. July 12, 2006) (analyzing whether elimination of an obesity listing had retroactive effect on claims pending initial determination or appeal and holding that the new rules were applicable); *Parker v. Massanari*, No. 3:00cv420, 2001 U.S. Dist. LEXIS 11711, at *21 (E.D.Va. Aug. 10, 2001) (holding that the new rules eliminating the obesity listing were applicable to the plaintiff's claim); *Fulbright v. Apfel*, 114 F.Supp.2d 465, 476 (W.D.N.C. 2000) (holding that the new rules eliminating the obesity listing were applicable as they were "the law in effect for this case" (citation omitted)). Specifically, these courts have applied new rules and regulations retroactively where they were "the law in effect for th[e] case" and "no manifest injustice would result." *Lester*, 2006 WL 1933306, at *5 (citations and internal quotation marks omitted). Here, the revised rules clearly state that they were effective January 17, 2017 and that they applied to all "claims that are pending on or after the effective date." 81 Fed. Reg. 66,138-01 (Sept. 26, 2016), 2016 WL 5341732, at *66,138. Therefore, the revised rules are applicable to Plaintiff's claim because they were the law in effect for the case and, as explained further below, application of the revised rules will not result in a manifest injustice to Plaintiff because the ALJ's limitation was improper for failure to address Plaintiff's ability to sustain simple work for a full workday.

At step three of the sequential evaluation, the ALJ must determine whether the claimant's impairments meet or equal one or more of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00. "Each [L]isting therein, consists of: (1) a brief statement describing its subject disorder; (2) 'paragraph A criteria,' which consists of a set of medical findings; and (3) 'paragraph B criteria,'

which consists of a set of impairment-related functional limitations." *Rayman v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-3102, 2015 WL 6870053, at *2 (D.Md. Nov. 6, 2015) (citing 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)). If the paragraph A and paragraph B criteria are satisfied, the ALJ will find that the claimant meets the listed impairment. *Id.*

Paragraph B provides the functional criteria assessed by the ALJ and consists of four broad functional areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 81 Fed. Reg. 66,138-01 (Sept. 26, 2016), 2016 WL 5341732, at *66,161. The ALJ employs a "special technique" to rate the degree of a claimant's functional limitations in these areas. 20 C.F.R. §§ 404.1520a(b), 416.920a(b). The ALJ's evaluation must determine "the extent to which [the claimant's] impairment(s) interferes with [the] ability to function independently, appropriately, effectively, and on a sustained basis" and must include a specific finding as to the degree of limitation in each of the four functional areas. 20 C.F.R. §§ 404.1520a(c), 416.920a(c). The ALJ uses a five-point scale to rate a claimant's degree in each of these areas: none, mild, moderate, marked, and extreme. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). "To satisfy the paragraph B criteria, [a claimant's] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)(2)(b).

The functional area of concentration, persistence, or pace "refers to the abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(E)(3). According to the regulations, examples of the ability to focus attention and stay on task include:

> Initiating and performing a task that [the claimant] understand[s] and know[s] how to do; working at an appropriate and consistent pace; completing tasks in a timely manner; ignoring or avoiding distractions while working; changing activities or work settings

11

> without being disruptive; working close to or with others without interrupting or distracting them; sustaining an ordinary routine and regular attendance at work; and working a full day without needing more than the allotted number or length of rest periods during the day.

*Id.*

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. Specifically, the Fourth Circuit recognized a difference between the ability to perform simple tasks and the ability to stay on task, stating that the latter ability concerns the broad functional area of concentration, persistence, or pace. *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*; *see also Carr v. Colvin*, No. TMD 15-685, 2016 WL 4662341, at *10 (D.Md. Sept. 7, 2016) (remanding for the ALJ to "determine on a function-by-function basis how Plaintiff's impairments affect his ability to work for a full workday").

Here, the ALJ's RFC assessment did not properly account for Plaintiff's difficulties in concentration, persistence, or pace. At step three of the sequential evaluation, the ALJ determined that with regard to concentration, persistence, or pace, "[Plaintiff] has moderate limitations," and further explained that:

> [Plaintiff] contended that he has limitations in concentrating generally, reading, and completing tasks. On the other hand, [Plaintiff] said that he is also able to prepare meals, read, and manage funds. [Plaintiff] acknowledged that he starts what he finishes and is able to follow written and spoken instructions. Additionally, the record fails to show any mention of distractibility

> and an inability to complete testing that assesses concentration and attention.

ECF No. 11-4 at 83. The ALJ then limited Plaintiff's RFC in pertinent part, stating that Plaintiff "can understand, remember, and carry out very short simple instructions." *Id.* at 84.

According to Defendant, the ALJ's limitation correlates with a finding of moderate difficulty in concentration, persistence, or pace because it addresses the ability to focus attention on work activities *and* the ability to stay on task pursuant to the revised rules. ECF No. 16-1 at 5–6. Defendant also asserts that the *Mascio* decision, which only addressed the ability to stay on task, is inconsistent with the revised rules that now apply. *Id.* at 6. However, as Plaintiff correctly notes, the *Mascio* decision was not solely premised on the distinction between the ability to perform simple tasks and the ability to stay on task. *Mascio* also stands for the proposition that remand is appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (citations and internal quotation marks omitted). Specifically, in *Mascio*, the Fourth Circuit ordered remand because the ALJ "said nothing about [the claimant]'s ability to perform [relevant functions] for a full workday" and the Court was "left to guess about how the ALJ arrived at his conclusions on [the claimant]'s ability to perform relevant functions." *Id.* at 637.

Here, the ALJ stated that Plaintiff "can understand, remember, and carry out very short simple instructions per Dr. Perrone's expert testimony." ECF No. 11-4 at 86. Dr. Perrone testified that Plaintiff "has trouble understanding and carrying out complex instructions, but not simple instructions" and "acknowledged that [Plaintiff] likely had difficulty understanding and following simple instructions during *testing*, but that such limitation would not apply in a work

environment." *Id.* (emphasis in original). Although the ALJ determined the functions she believed Plaintiff could perform, she failed to discuss Plaintiff's ability to perform those functions throughout a full workday as required by *Mascio*. 780 F.3d at 636–37. In fact, the ALJ failed to recognize that Dr. Perrone had testified that Plaintiff would only be able to understand and carry out simple instructions up to one-third of a full workday. ECF No. 11-3 at 26–27, 37–38. Even if the phrase "can understand, remember, and carry out very short simple instructions" was intended to account for Plaintiff's moderate difficulties in concentration, persistence, or pace, the ALJ failed to address Plaintiff's ability to perform these functions for a full workday, rendering such a limitation improper. This missing analysis is especially important as there was evidence in the record indicating Plaintiff did not have the capacity to understand or carry out simple instructions for a full workday. *Id.*

"As the Fourth Circuit mandates under *Mascio*, 'once an ALJ had made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary.'" *Henry v. Berryhill*, No. BPG-17-57, 2018 WL 558839, at *3 (D.Md. Jan. 25, 2018) (citation omitted). Because the ALJ neither included a proper limitation in her RFC assessment nor explained why such a limitation was unnecessary in this case, the Court must remand the case to the SSA for further analysis consistent with *Mascio*.

## CONCLUSION

In summation, the Court finds that the ALJ improperly found that Plaintiff was "not disabled" within the meaning of the Act from December 6, 2012 through the date of the ALJ's decision. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. Therefore, based on the foregoing, Plaintiff's Motion for Summary

14

Judgment (ECF No. 15) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED, and the decision of the SSA is REMANDED for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion as to the ALJ's ultimate disability determination. The clerk is directed to CLOSE this case.

Date: 17 January 2019

A. David Copperthite
United States Magistrate Judge